UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY VARNADO | CIVIL ACTION |
| VERSUS | NUMBER: 14-1581 |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION | SECTION: "J"(5) |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(B), this matter comes before the Court on the parties' cross-motions for summary judgment following a decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") benefits based upon disability. (Rec. docs. 9, 10).

Larry Varnado, Plaintiff herein, filed the subject applications for DIB and for SSI benefits on January 6, 2012, with a protective file date of December 27, 2011, alleging disability as of June 6, 2009. (Tr. pp. 173-179, 180-185, 198).[1/]  In a Disability Report that appears in the administrative record below, the conditions limiting Plaintiff's ability to work were identified as complications from a stroke, high blood pressure and cholesterol, hernia surgery, and bad nerves in the left arm. (Tr. p. 202). Plaintiff's applications for DIB and for SSI benefits were denied at the initial level of the Commissioner's administrative review process on April 12, 2012. (Tr. pp. 99-102). Pursuant to Plaintiff's request, a hearing *de novo* before an Administrative Law Judge ("ALJ") went forward on April 8, 2013

---

[1/] At the administrative hearing that was subsequently held in this case on April 8, 2013, Plaintiff, through counsel, amended the alleged disability onset date to December 11, 2011, the day after an unfavorable decision was issued by an Administrative Law Judge on prior applications for Social Security benefits that Plaintiff had filed. (Tr. pp. 19, 43-44).

at which Plaintiff (who was represented by counsel) and a Vocational Expert ("VE") appeared and testified. (Tr. pp. 30-76). On April 25, 2013, the ALJ issued a written decision in which he concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. pp. 16-29). The Appeals Council ("AC") subsequently denied Plaintiff's request for review of the ALJ's decision on June 18, 2014, thus making the ALJ's decision the final decision of the Commissioner. (Tr. pp. 1-5). It is from that unfavorable decision that the Plaintiff seeks judicial review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

In his cross-motion for summary judgment, Plaintiff frames the issues for judicial review as follows:

> I. The ALJ did not apply the correct legal standard in assessing Plaintiff's residual functional capacity.
>
> II. The ALJ failed to apply Medical Vocational Rule 201.14 which does not comport with legal standards.

(Rec. doc. 9-1, pp. 3, 5).

Relevant to the resolution of the foregoing issues are the following findings that were made by the ALJ:

> 1. [t]he claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> 2. [t]he claimant has not engaged in substantial gainful activity since December 17, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. [t]he claimant has the following severe impairments: hypertension and obesity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity

2

>     of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to occasional climbing of ramps and stairs; is precluded from climbing ladders, ropes, and scaffolds; is limited to frequent balancing; and is limited to occasional stooping, kneeling, crouching, and crawling.
>
> 6. [t]he claimant is capable of performing past relevant work as a security guard and self-service auto station attendant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. [t]he claimant has not been under a disability, as defined in the Social Security Act, from December 17, 2011, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. pp. 21, 22, 25, 26).

Judicial review of the Commissioner's decision to deny DIB or SSI benefits is limited under 42 U.S.C. §405(g) to two inquiries: (1) whether substantial evidence of record supports the Commissioner's decision, and (2) whether the decision comports with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420 (1971). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Substantial evidence is more than a

scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). The Court may not reweigh the evidence or try the issues de novo, nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

A claimant seeking DIB or SSI benefits bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). Once the claimant carries his initial burden, the Commissioner then bears the burden of establishing that the claimant is capable of performing substantial gainful activity and is, therefore, not disabled. *Harrell*, 862 F.2d at 475. In making this determination, the Commissioner uses the five-step sequential analysis set forth in 20 C.F.R. §§404.1520 and 416.920, as follows:

1. an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.

2. an individual who does not have a "severe impairment" will not be found to be disabled.

3. an individual who meets or equals a listed impairment in Appendix 1 of the Regulations will be considered disabled without consideration of vocational factors.

4. if an individual is capable of performing the work that he has done in the past, a finding of "not disabled" must be made.

> 5. if an individual's impairment precludes him from performing his past work, other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed.

On the first four steps of the analysis, the claimant bears the initial burden of proving that he is disabled and must ultimately demonstrate that he is unable to perform the work that he has done in the past. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5 (1987). In determining whether a claimant is capable of performing the work that he has done in the past, the ALJ is required to assess the demands of the prior work and to compare those demands to the claimant's present capabilities. *Villa*, 895 F.2d at 1022; *Hollis v. Bowen*, 837 F.2d 1378, 1386 (5th Cir. 1988); *Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980). The assessment of the demands of a claimant's prior work "… may rest on descriptions of past work as actually performed or as generally performed in the national economy." *Villa*, 895 F.2d at 1022 (citing *Jones v. Bowen*, 829 F.2d 524, 527 n. 2 (5th Cir. 1987)). A finding that the claimant is disabled or is not disabled at any point in the five-step review process is conclusive and terminates the Commissioner's analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Plaintiff's first challenge to the Commissioner's decision is that the ALJ applied an incorrect legal standard in assessing his residual functional capacity ("RFC") to work. Plaintiff argues that he "… has additional limitations that are not contained in the RFC assessment" -- primarily based on the opinions of the consultative examiner, Dr. Rogelo Casama -- that he suffers from uncontrolled, unimproving hypertension that persists despite treatment, that he experiences persistent paresthesias in both of his lower extremities, and that he cannot walk more than a block without experiencing pain. Had

these additional limitations been properly considered, Plaintiff maintains, he would have been properly found to be limited to sedentary-level work and thus disabled under Rule 201.14 of the Medical-Vocational Guidelines given his age, education, and work experience. (Rec. doc. 9-1, pp. 3-4).

In conducting the five-step analysis required by §§404.1520 and 416.920, the ALJ in the present case found that Plaintiff had not worked since the amended alleged onset date of December 17, 2011 and that he suffered from severe impairments in the form of hypertension and obesity. (Tr. p. 21). However, those impairments, whether considered singly or in combination, failed to satisfy the criteria of any of those set forth in the Listing of Impairments. (Tr. p. 22). Having so found, the Regulations mandated that the ALJ make an assessment of Plaintiff's RFC, a term of art that embraces a claimant's ability to work in spite of his impairments. 20 C.F.R. §§404.1520(e), 404.1545, 416.920(e), 416.945. Just like the ultimate decision of whether or not a claimant is disabled, the responsibility for determining a claimant's RFC is reserved to the Commissioner and at the hearing level, that assessment is entrusted to the ALJ. 20 C.F.R. §§404.1527(e)(2), 404.1546(c), 416.927(e)(2), 416.946. After considering the body of evidence before him, the ALJ assessed Plaintiff as having an RFC for a reduced range of light work with only occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; only frequent balancing; and, only occasional stooping, kneeling, crouching, and crawling. (Tr. p. 22).

Plaintiff argues that the ALJ's RFC assessment improperly failed to account for the opinions of the consultative evaluator, Dr. Casama, that he suffered from uncontrolled, unimproving hypertension despite treatment, persistent paresthesias in both lower extremities, and pain after walking more than one block. In addressing Plaintiff's

6

challenges, the Court first notes his hearing testimony that he was terminated from his most recent job at a Wal-Mart in 2009 "… for not taking a lunch" as opposed to leaving the workforce because of a physical inability to withstand its rigors.  (Tr. pp. 52-53).  Be that as it may, the fact that Plaintiff has been diagnosed as suffering from a condition such as hypertension which is not under optimal control does not equate with a finding of disability under the Social Security Act.  *Randall v. Astrue*, 570 F.3d 651, 658-59 (5th Cir. 2009).  Similarly, the mere existence of pain or the fact that an individual is unable to work without experiencing pain is not an automatic ground for obtaining Social Security benefits. *Owens v. Heckler*, 770 F.2d 1276, 1281 (5th Cir. 1985)(citing *Jones*, 702 F.2d at 621 n. 4). Pain is considered disabling within the meaning of the Social Security Act only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment."  *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983).  It is within the ALJ's discretion to determine the debilitating nature of a claimant's pain and similar symptomology, *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987), particularly so given that it was the ALJ who had an opportunity to observe the claimant, not this Court.  *Harrell*, 862 F.2d at 480.  The burden is upon the plaintiff to produce objective medical evidence of a condition that could reasonably be expected to produce the level of pain or other symptoms complained of.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989).

      The discrete opinions cited by Plaintiff notwithstanding, a review of the ALJ's written decision reveals that he devoted a good portion of it to a discussion of Dr. Casama's consultative report, drawing heavily upon the findings contained therein in arriving at Plaintiff's RFC to work.  At the time of the evaluation, the doctor observed that Plaintiff did "… not have any limitation in the range of motion of both upper and lower extremities as

7

well as the spine," no neurological deficits, and no hemiparesis. The quoted observation mimics the objective findings that Dr. Casama recorded on the "Range of Motion Chart" appended to his report. (Tr. p. 318). Plaintiff used no assistive device and had no problems with grip strength, dexterity, or grasping ability. Upon physical examination, Plaintiff's blood pressure was measured at 150/88, there was no pedal edema, no limitations in the range of motion of both the upper and lower extremities, and no muscular atrophy. Limitation of motion in the lumbosacral spine was very slight, practically within normal limits, straight leg raising was negative, and there were no abnormalities in the thoracic or cervical spines. There were no motor or sensory deficits and reflexes were intact. The absence of such objective indicators suggestive of the existence of debilitating pain and other symptomology may properly be considered by the ALJ in evaluating a claimant's disability status. *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987).

Based on the results of his evaluation, Dr. Casama opined that Plaintiff's most significant abnormality was essential hypertension, stage 1 but bordering on stage 2. Although the doctor had noted at the outset of his report that Plaintiff's "... cholesterol and blood pressures ... are fairly well controlled," he later remarked that Plaintiff's hypertension was "... still not fairly controlled with Lotrel," characterizing it as "uncontrolled hypertension." Nevertheless, Plaintiff had no hypertensive retinopathy and there was no x-ray or EKG evidence suggestive of hypertensive cardiovascular disease. Although Plaintiff related having suffered a stroke in 2007, he had no residual problems, functional limitations, or speech deficits from that occurrence. In the "impression[s]" portion of his report, Dr. Casama wrote that "[a]s far as limitation in the range of motion, this was not noted anywhere else except that [the] patient cannot walk more than a block

without experiencing pain, and he cannot lift more than 20 pounds in both arms. However there are no problems with strength, dexterity and grasping ability." (Tr. p. 321). As the doctor's report contains no objective test results touching upon Plaintiff's walking or lifting abilities, it can reasonably be inferred that the limitations in that regard were self-reported by Plaintiff himself. There was no evidence of diabetic neuropathy or of type II diabetes and there were no genitourinary, gastrointestinal, musculoskeletal, or psychiatric problems. (Tr. pp. 318-321).

After being provided with a copy of Dr. Casama's report and other documentary evidence of record, an Administration physician, Dr. Charles Lee, subsequently determined that Plaintiff was capable of performing a limited range of light work, a determination that is entitled to considerable weight here. 20 C.F.R. §§404.1527(e)(2)(i), 416.927(e)(2)(i).[2/] (Tr. pp. 79-85, 86-92). Based upon a review of Dr. Lee's disability determinations, it also appears that the ALJ who had adjudicated Plaintiff's previous applications for Social Security benefits had concluded that he was capable of medium-level work. (Tr. pp. 81, 88). The Court additionally notes that despite Plaintiff's claim of only being able to walk one block before experiencing pain, he testified that he could stand for four hours at a time and could sit for three to four hours at a time. (Tr. pp. 68-70). As was found by the ALJ, Plaintiff's medical care has been routine in nature requiring no emergency treatment or hospitalizations and he had no complaints at his most recent follow-up visit to the Bogalusa Medical Center. (Tr. p. 25). Contrary to Plaintiff's present contention, the ALJ did not apply an incorrect legal standard in assessing his RFC to work nor was the correct standard

---

[2/] The Regulations define light-level work as that which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§404.1567(b), 416.967(b).

9

improperly applied to the body of evidence that was before him. This challenge provides no basis for disturbing the Commissioner's decision.

Plaintiff's second and final challenge to the Commissioner's decision is that he should have been found disabled under Rule 201.14 of the Medical-Vocational Guidelines (the "Grids"). (Rec. doc. 9-1, p. 5). This challenge is easily disposed of.

Unlike the typical Grid case in which the claimant argues that the Medical-Vocational Guidelines were wrongfully applied in a rigid, mechanical fashion to find him not disabled, *see, e.g. Wingo v. Bowen*, 852 F.2d 827, 831 (5th Cir. 1988), Plaintiff herein argues that the Grids <u>should</u> have been applied to find him disabled. The use of the Grids is appropriate, however, only if the fifth step in the §§404.1520/416.920 analysis is reached. *Selders*, 914 F.2d at 618 (citing 20 C.F.R. §404.1569 and Subpt. P, App. 2; *Fraga*, 810 F.2d at 1304). Here, because the ALJ concluded his analysis at the fourth step, resort to the Grids was not justified. *Torres v. Harris*, 502 F.Supp. 518, 524 (E.D. Pa. 1980). And even if the analysis had reached the fifth step, the use of expert vocational testimony, rather than the Grids, is the preferred method of proving that there is work available that the claimant can perform. *Fields v. Bowen*, 805 F.2d 1168, 1170-71 (5th Cir. 1985); *Lawler v. Heckler*, 761 F.2d 195, 197-98 (5th Cir. 1985); *Dellolio v. Heckler*, 705 F.2d 123, 126-28 (5th Cir. 1983). As the ALJ properly availed himself of such testimony, this claim is without merit.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that Plaintiff's suit be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this  11th  day of _____May_____, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE